## North Wales National Bank v. Rees et al.

*C. Raymond Bensinger* and *C. Edward DePuy*, for plaintiff.

*F. J. Mervine* and *James C. Scanlon*, for defendants.

McCready, P. J., fifty-sixth judicial district, specially presiding, March 5, 1942.—Defendants' petition sets forth in substance that on November 23, 1932, the North Wales National Bank entered the judgment note of Margaret E. Rees, dated October 14, 1931, for $3,000, in the office of the Prothonotary in and for the County of Monroe, to no. 320, September term, 1932, in favor of the North Wales National Bank and against Margaret E. Rees; that on November 17, 1937, judgment was regularly revived by amicable scire facias to no. 206, September term, 1937, for the sum of $3,000, in favor of the North Wales National Bank and against

Margaret E. Rees; that on December 28, 1940, C. Raymond Bensinger, Esq., and C. Edward DePuy, Esq., attorneys for plaintiff, North Wales National Bank, filed a suggestion of defendant's death to no. 206, September term, 1937, suggesting that Margaret E. Rees died on or about May 6, 1939, intestate, leaving to survive her as her sole heirs at law her husband, Gomer C. Rees, and one adult child, Gomer S. Rees; that on December 28, 1940, plaintiff caused to be issued a writ of fieri facias by the Prothonotary of Monroe County to no. 6, February term, 1941, upon judgment to no. 206, September term, 1937, against Margaret E. Rees, with notice to Gomer C. Rees and Gomer S. Rees, sole heirs at law of Margaret E. Rees, deceased; that by virtue of the writ of fieri facias Chester E. Meixell, Sheriff of Monroe County, has caused to be advertised for public sale on Tuesday, February 4, 1941, at 10 a.m., all the right, title, and interest of Margaret E. Rees of, in and to a certain lot or piece of land, being lot no. 44, section 4, on plotting of Paradise Falls Lutheran Association, situate in Paradise Township, Monroe County, together with the improvements thereon, and also all the right, title, and interest of Margaret E. Rees of, in, and to a certain certificate of membership no. 353, issued by the said Paradise Falls Lutheran Association to Margaret E. Rees, seized and taken into execution as the property of Margaret E. Rees, with notice to Gomer C. Rees and Gomer S. Rees, sole heirs at law of Margaret E. Rees, deceased; that at the time of the issuance of the writ of fieri facias defendant Gomer S. Rees was a member of the United States Army, being a first lieutenant and chaplain in the 213th Regiment, Coast Artillery, Anti-Aircraft Division, and praying the court to grant a rule upon plaintiff, North Wales National Bank, to show cause why execution on said judgment should not be stayed until defendant Gomer S. Rees is discharged from serv-

ice in the United States Army; and the court granted the following rule:

"And now, this 21st day of January, 1941, upon consideration of the within petition, and upon motion of F. J. Mervine, attorney for petitioners, a rule is granted upon the plaintiff, North Wales National Bank, to show cause why execution upon the above judgment should not be stayed until the defendant, Gomer S. Rees, is discharged from service in the United States Army. Rule returnable to the 10th day of February, 1941, at 10 o'clock A. M. Meanwhile all proceedings to stay."

On February 5, 1941, plaintiff, North Wales National Bank, filed its demurrer to the petition for rule to show cause why execution should not be stayed, setting forth that defendant Gomer S. Rees is a member of the United States Army and will be a member of the United States Army for approximately one year; that there is not stated as a matter of law a good reason why the execution should be stayed, because there is no rule in law which peremptorily prevents or prohibits any action or proceeding against a person in military service; that in the instant case the execution is upon a judgment, not against a person in military service, but upon a judgment obtained against a decedent in her lifetime; and that there is no rule of law which prevents such an execution, accompanied by a writ of scire facias directed to the heirs of the said decedent, who are entitled only to the net estate of said decedent after all her debts are paid, and one of whose heirs happens to be in military service at the time the execution issues.

Since granting of the rule and the filing of the answer, an alias writ of scire facias has been issued to no. 8, February term, 1941, bringing Gomer C. Rees, administrator of the estate of Margaret E. Rees, upon the record as a party defendant, and service of this

writ was accepted by F. J. Mervine, Esq., attorney for defendants, the writ being returnable to the second Monday of October 1941.

Argument was heard on the rule by the court on April 10, 1941, and there was a hearing before the court on July 17, 1941, at which time testimony was taken. The rule is now before the court for disposition.

### Discussion

There is no dispute as to the facts in this case. It is the contention of defendants that the execution should be stayed because defendant Gomer S. Rees is, and was at the time of the issuance of the writ, a member of the United States Army, being a first lieutenant and chaplain in the 213th Regiment, Coast Artillery, Anti-Aircraft Division, and will be a member of the United States Army for approximately one year.

It is the contention of plaintiff that there is no law which prevents an execution against the estate of a decedent because one of the heirs of such decedent may at the time be in military service.

Here, it must be noted, and the court takes judicial notice of the fact, that defendant Gomer S. Rees is now in the military service for an indefinite period by reason of the fact that Federal statutes have been enacted since the filing of this petition, which affect the length of the period of his service, and his period of service is now indefinite under the provisions of the Federal statutes pertaining thereto.

It must also be noted that the judgment note in favor of the North Wales National Bank executed by Margaret E. Rees contained therein a waiver of any stay of execution, and it must further be noted that defendant Gomer S. Rees, at the present time, is heir to a one-half undivided interest in the real estate, which belonged to Margaret E. Rees at the time of her death.

Before going into a determination of whether or not the execution should be stayed as against defendant

Gomer S. Rees, because of the fact that he is in the military service, a stay of execution would in no wise prevent execution against defendant Gomer C. Rees as to his one-half undivided interest in the real estate involved. See Sheetz et al. v. Wynkoop et al., 74 Pa. 198.

It is the contention of defendants that the execution should be stayed as against defendant Gomer S. Rees, by virtue of the Federal statutes exempting persons in the military service from the service of civil process upon them.

The Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, was enacted by the Congress of the United States to protect persons in military service. Sections 200 and 201 of that act are the only ones which could possibly have any application in the present case, and both these sections very carefully provide that a stay of any proceeding against a person in military service is at the discretion of the court.

Section 200 (4) of the act provides as follows:

"If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

Section 201 of the act provides as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

While the Federal statutes authorize the court to exercise discretion for the purpose of giving soldiers and sailors civil relief, the court is of the opinion that the circumstances and facts of this case do not warrant the exercise of the discretion of the court in favor of defendant Gomer S. Rees. If the court were to grant a stay of execution in this case, it could affect only defendant Gomer S. Rees, who has but a one-half undivided interest in the real estate of Margaret E. Rees, and execution would have to be permitted to proceed as against the one-half undivided interest held by defendant Gomer S. Rees. A stay of execution as against defendant Gomer S. Rees would have to be for an indefinite period, as his term of military service is uncertain.

"One who signs a note with a warrant of attorney to confess judgment against him, without stay of execution, is not within the protection of the Act of April 28, 1899, P. L. 133, preventing the enforcement of civil process against those mustered into the service of the State or United States, and a sale on an execution based upon such a judgment will not be set aside.

"A soldier mustered into the service of the United States, to be entitled to a stay of legal process, must set forth that the term of his enlistment is definite and reasonable. No stay will be granted where the term of service is uncertain.

"Any law which grants a stay of execution for an indefinite period is unconstitutional": Snyder v. Ayers, 65 Pitts. 533.

While it is a well-established principle of law that persons in the military service of the United States are immune from civil process when the term of service is definitely established, that is not the law in this State when the term of service is indefinite and uncertain. Where the term of service is unlimited and uncertain, the Federal statutes pertaining to immunity of persons in the military service are unconstitutional for the reason that they violate the obligation of contracts by taking from plaintiff in this case its remedy to enforce the terms and provisions of the contract entered into with decedent, Margaret E. Rees. Statutes of this nature have been held to be unconstitutional in their application to all cases in which they would have the effect of taking all remedy from the parties to a contract, and constitutional only insofar as they have but a limited effect upon the remedy. See Manlove v. McDermott, 15 D. & C. 728.

Therefore, the court is of the opinion that under the facts and circumstances of this case defendant Gomer S. Rees, who is but a part heir of the party who executed the judgment note in favor of plaintiff, waiving stay of execution, and who is in the military service for an indefinite period of time, is not entitled to have the execution stayed insofar as it affects his one-half undivided interest in the real estate of the decedent, and the court will make an order dismissing the rule.

### Order

Now, to wit, March 5, 1942, the rule granted on January 21, 1941, upon plaintiff, North Wales National Bank, to show cause why the execution upon its judgment to no. 206, September term, 1937, should not be stayed until defendant Gomer S. Rees is discharged

from service in the United States Army is hereby dismissed.

The cost of this proceeding shall be paid by defendants.